IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| C. AUSTIN LUCAS, JR. and 275 ALVARADO, LLC, on behalf of themselves, and all other similarly situated | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:12-cv-00592-JRG |
| CHESAPEAKE EXPLORATION, L.L.C., CHESAPEAKE ENERGY MARKETING, INC., CHESAPEAKE OPERATING, INC., CHESAPEAKE MLP OPERATING, L.L.C., CHESAPEAKE MIDSTREAM OPERATING, L.L.C., CHESAPEAKE MIDSTREAM DEVELOPMENT, L.L.C., CHESAPEAKE MIDSTREAM GAS SERVICES, L.L.C., and CHESAPEAKE ENERGY CORPORATION, | § § § § § § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants Chesapeake Exploration, L.L.C., Chesapeake Operating, Inc., Chesapeake Energy Marketing, Inc., Chesapeake Midstream Operating, L.L.C., Chesapeake Midstream Development, L.L.C., and Chesapeake Energy Corporation's (collectively, "Defendants") Motion to Dismiss Under Rule 12(b)(6), or in the alternative, Motion for a More Definite Statement under Rule 12(e) as to certain Defendants. (Dkt. No. 4.) Having considered the parties' written submissions, the Court **DENIES** the Motion to Dismiss but **GRANTS** the Motion for a More Definite Statement.

1

## I. Background

This action arises from Defendants' alleged breach of certain provisions within designated oil and gas leases entered into separately with each of the two Plaintiffs, C. Austin Lucas, Jr. and 275 Alvarado, LLC (collectively, "Plaintiffs"). Under the leases, Plaintiffs, the lessors, granted Defendants, the lessees, a right to enter land to extract natural gas and other hydrocarbons in exchange for a royalty payment. The amount of the royalty payment is in part determined by the value of the gas produced. Such leases further specify what costs are properly deducted from the gross amount of the sold gas, such as compression costs, and costs for dehydration, transportation and marketing.

Plaintiffs brought this action both on their own behalf and as a class action on behalf of similarly situated lessors. Plaintiffs claim that Defendants breached their obligations under the leases by failing to pay them the full amount of royalties due. Defendants are alleged to have done so by assessing false marketing costs and failing to provide Plaintiffs with full and accurate accounting of the same. Plaintiffs further claim that Defendants breached the implied covenant to manage and administer the lease by failing to market the gas as would have been done by a reasonably prudent operator.

## II. Applicable Law

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing such a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the

grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted). While a complaint need not allege detailed factual allegations to survive a Rule 12(b)(6) motion, the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Twombly*, 550 U.S. at 555. A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) (internal quotations omitted).

### III. Analysis

Here, Defendants argue that Plaintiffs' complaint should be dismissed under Rule 12(b)(6) for three reasons: First, Plaintiffs fail to allege facts that plausibly suggest misconduct by the Defendants; Second, not all of the Defendants are parties to leases with one of the Plaintiffs, and thus cannot be said to have breached a duty owed to Plaintiffs; Third, the proposed class cannot be certified for failing to satisfy the "predominance" requirement of Rule 23(b). The Court now addresses each of these arguments in turn.

#### a. Plaintiffs Have Alleged Sufficient Facts For Both Claims

Plaintiffs raise two claims in its Original Complaint ("Complaint"): breach of contract and breach of implied covenant to manage and administer. Defendants contend that Plaintiffs' claims rest solely upon the allegation that they received lower royalties than other operators in the same field. The Court disagrees. Plaintiffs have pled sufficient facts to support both the contract claim and the breach of implied covenant claim.

Under Texas law, the essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach. *Hussong v.*

*Schwan's Sales Enterprises, Inc.*, 896 S.W.2d 320, 326 (Tex. App. 1995).  Plaintiffs allege that they entered into written, fully executed leases with Defendants, granting Defendants the right to enter land to extract natural gas and other hydrocarbons in exchange for royalty payments.  While Plaintiffs performed under the leases, Defendants allegedly failed to pay the full amount of the royalties due by assessing false marketing costs and failing to provide full and accurate accounting of the same.  The Complaint further alleges that Plaintiffs have suffered damages as measured by the difference between the royalties actually paid and what should have been paid under the leases.  Plaintiffs' factual allegations, accepted as true, sufficiently state a contract claim that is "plausible on its face."  *Iqbal*, 556 U.S. at 678.  Accordingly, Defendants' motion to dismiss Plaintiffs' breach of contract claim under Rule 12(b)(6) is **DENIED**.

Further, oil and gas leases in Texas impose on lessees an implied covenant to manage and administer the lease.  *Amoco Prod. Co. v. Alexander*, 622 S.W.2d 563, 567 (Tex. 1981).  "The standard of care in testing the performance of implied covenants by lessees is that of a reasonably prudent operator under the same or similar facts and circumstances."  *Id.* at 567-68.  Here, the Complaint alleges that Defendants were lessees under the specified oil and gas leases with Plaintiffs as lessors, and that Defendants breached the implied covenant to manage and administer by failing to market the produced natural gas as would have been done by a reasonably prudent operator.  These factual allegations, taken as true, state a plausible breach of the implied covenant plea.  Accordingly, Defendants' motion to dismiss Plaintiffs' breach of implied covenant claim under Rule 12(b)(6) is **DENIED**.

### b. The Complaint Has Provided Fair Notice to Non-operator Defendants

Defendants next argue that because certain "non-operator" Defendants had no direct contractual relationship with Plaintiffs and thus cannot be said to have breached a contractual duty

owed to Plaintiffs, any claims against these Defendants should be dismissed.  Specifically, Defendants identify three entities that allegedly were not direct parties to any of the leases with Plaintiffs: (1) Chesapeake Energy Marketing, Inc.; (2) Chesapeake Midstream Operating, L.L.C.; and (3) Chesapeake Midstream Development, L.L.C.  Defendants further allege that a fourth entity, Chesapeake Energy Corporation, would only appear as party to a lease in Texas by mistake.

The Court notes from the outset that Chesapeake Midstream Operating, L.L.C., Chesapeake Midstream Development, L.L.C. and Chesapeake Energy Corporation have since been dismissed pursuant to the Court's Order.  (*See* Dkt. No. 24.)   Thus, to the extent Defendants seek to dismiss claims asserted against these entities, Defendants' motion is now held to be **MOOT**.

As to Chesapeake Energy Marketing, Inc. ("Chesapeake Marketing"), the only "non-operator" Defendant still remaining in the case, Plaintiffs do not dispute the lack of a direct contractual relationship between them.  The Complaint, however, has set forth a factual basis for Chesapeake Marketing's liability despite the lack of direct privy.  In particular, it alleges that Defendants improperly marketed the gas only to themselves without ever seeking fair market rates in the field.  It further describes the relationship among the named Defendants as "agent, servant, employee, coconspirator, partner, joint venturer, wholly-owned and controlled subsidiary and/or alter ego of each of the remaining Defendants," and describes each Defendant as "[having] aided and abetted, encouraged and rendered substantial assistance in accomplishing the wrongful conduct…complained of herein."  Thus, the Court finds that Plaintiffs have pled facts sufficient to give Chesapeake Marketing "fair notice of what the claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555.  While the Complaint does not identify, on a defendant-by-defendant basis, specific actions undertaken by each, the Court is not persuaded that *Towmbly* or *Iqbal* requires such.  Indeed, some courts have held that even under the heightened

pleading standard of Rule 9(b), "[m]ultiple defendants' conduct may be 'lumped together' if the plaintiff's allegations elsewhere designate the nature of the defendants' relationship to a particular scheme and identify the defendants' role." *Bhatia v. Dischino*, 3:09-cv-1086-B, 2011 WL 3820825, at *12 (N.D. Tex. Aug. 29, 2011)) (citing *Steiner v. Southmark Corp.*, 734 F. Supp. 269, 274 (N.D. Tex. 1990)).

However, on balance, the Court agrees with Defendants that Chesapeake Marketing is entitled to a more definite statement of the pleading. In their briefing, Plaintiffs allege that Chesapeake Marketing is "at the heart of Defendants' wrongful practice of improperly deducting marketing costs against Plaintiffs before paying royalties," and that two other named Defendants marketed only to themselves through Chesapeake Marketing. Such allegations, however, do not appear in Plaintiffs' Original Complaint. Given the lack of any direct contractual relationship between Chesapeake Marketing and Plaintiffs, Chesapeake Marketing is entitled to a more definite statement at least on these issues as they relate to its role in the complained of conduct. Accordingly, the Court **GRANTS** Defendants' Motion for a More Definite Statement as to claims asserted against Chesapeake Marketing.

### c. Defendants' Motion to Dismiss the Class Allegation is Premature

Defendants further argue that the Complaint should be dismissed because the proposed class fails the "predominance" requirement of Rule 23(b). F.R.C.P. 23 requires a court to determine whether to certify a class "[a]t an early practical time after a person sues or is sued as a class representative." "Maintainability [of a class] may be determined on the basis of pleadings, but the determination usually should be predicated on more information than the complaint itself affords." *Huff v. N. D. Cass Co. of Ala.*, 485 F.2d 710, 713 (5th Cir. 1973) (internal quotations and citations omitted); *see also In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d

609, 615 (N.D. Cal. 2007) ("[D]ismissal of class allegations at the pleading stage should be done rarely and … the better course is to deny such a motion because the shape and form of a class action evolves only through the process of discovery.").

Here, the parties have undertaken a fair amount of discovery relating to the class certification issues.[1]  The Court believes that rather than adjudicating the maintainability of the proposed class on the pleadings and at this time, a better course is to allow Plaintiffs an opportunity to subsequently present evidence as to whether a class action is maintainable.  Thus, the Court reserves its ruling on the predominance issue, and will rule on it when the Court takes up Plaintiffs' Motion for Class Certification.

### IV.    Conclusion

For the reasons stated above, the Court **DENIES** Defendants' Motion to Dismiss Under Rule 12(b)(6), and **GRANTS** the Motion for a More Definite Statement under Rule 12(e) as to Defendant Chesapeake Marketing.  The Court reserves any determination regarding "predominance" in maintaining the asserted class until and as a part of considering Plaintiffs' Motion for Class Certification.

**So ORDERED and SIGNED this 13th day of September, 2013.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[1] In their Joint Motion to Extend Deadlines (Dkt. No. 40), the parties state that Defendants have produced all relevant leases for the fields where class certification is sought and undertaken an audit of each named Plaintiff's lease for an agreed period of time.  Further, Plaintiffs have engaged significantly in categorizing the produced leases.